# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60031
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 25, 2019

Lyle W. Cayce
Clerk

JACQUELYN JOHNSON,

Plaintiff−Appellant,

versus

HUNTINGTON INGALLS, INCORPORATED,

Defendant−Appellee.

Appeal from the United States District Court
for the Southern District of Mississippi
No. 1:16-CV-304

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:*

Jacquelyn Johnson sued her employer, Huntington Ingalls, Incorporated ("HII"), under Title VII and 42 U.S.C. § 1981, alleging primarily that she had

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

been disciplined and harassed because of her race (black) and her sex and that those actions resulted from a complaint she had made about not receiving a bonus. Johnson further contended that she had been transferred as punishment for a complaint regarding safety suggestions. She also averred that male employees were allowed to become instructors in the training school without having the welding experience she had been told she must have to be an instructor.

After discovery, HII moved for summary judgment on the ground that the Title VII claims were time-barred and that the evidence did not support Johnson's claims under Title VII or § 1981. Johnson conceded that the Title VII claims were time-barred and that she was pursuing only her § 1981 theories.

In a careful Memorandum Opinion and Order entered December 12, 2017, the district court agreed that the Title VII claims were tardy. On Johnson's assertion that she should not have been denied leaderman pay, the court observed that Johnson had proffered no evidence that she was treated less favorably than those outside her protected class. The court also noted that the denial was because of inability or failure to perform and that there was no evidence of pretext. Regarding retaliation, the court stated that the evidence showed no causal connection between any protected activity and the alleged adverse action of transferring Johnson from the training center.

Johnson appeals *pro se*. There is no error. The summary judgment, dismissing all claims, is AFFIRMED, essentially for the reasons convincingly explained by the district court. HII moves for reconsideration of the Clerk's order granting Johnson's motion to supplement the record. The motion for reconsideration is GRANTED. On reconsideration, the motion to supplement is DENIED.